Approved: _____
BENJAMIN A. GIANFORTI
Assistant United States Attorney

Before:   THE HONORABLE JUDITH C. McCARTHY
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA              :    **SEALED COMPLAINT**

    - v. -                            :    Violation of
                                           18 U.S.C. §§ 922(g)(1)
AUGUST CHERIMOND,                     :    and 2

            Defendant.                :    COUNTY OF OFFENSE:
                                           ROCKLAND

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      ARTHUR SACCO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Felon in Possession of Ammunition)

      1.   On or about April 17, 2020, in the Southern District of New York and elsewhere, AUGUST CHERIMOND, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, four rounds of .380 caliber Hornady ammunition (the "Ammunition"), and the Ammunition was in and affecting commerce.

    (Title 18, United States Code, Sections 922(g)(1) and 2.)

      The bases for my knowledge and for the foregoing charge are, in part, as follows:

      2.   I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and

2

records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part.

3. Based on my review of law enforcement reports, my discussions with law enforcement officers, and my personal involvement in this investigation, I have learned the following, in substance and in part:

a. On or about April 17, 2020, AUGUST CHERIMOND, the defendant, was in a car on West Burda Place, in the vicinity of the intersection with Center Lane, in New City, New York, when a white car approached him. At that point, someone inside the white car opened fire on CHERIMOND's car, striking CHERIMOND twice. The white car then sped away with CHERIMOND in pursuit.

b. Thereafter, CHERIMOND drove to Montefiore Nyack Hospital to seek medical treatment for his gunshot wounds. After removing CHERIMOND's clothing to administer medical treatment, a member of the hospital's medical staff found the Ammunition in the pocket of CHERIMOND's pants.

c. Members of law enforcement also recovered a round of .380 caliber Hornady ammunition from CHERIMOND's car and a .380 caliber Hornady shell casing in the road in front of 11 Jade Street, which is approximately two blocks away from the sight of the shooting and along the path CHERIMOND is believed to have taken in pursuit of the white car.

4. On or about April 20, 2020, I and other members of law enforcement interviewed AUGUST CHERIMOND, the defendant, at Westchester Medical Center. When asked whether he had been in possession of a firearm at the time of the shooting, given that .380 caliber rounds had been found on his person when he was admitted to the hospital, CHERIMOND stated, in substance and in part, that he had not been in possession of a firearm at that time, but had been on his way to get his gun because he thought someone might come and shoot him. CHERIMOND did not deny having possessed the Ammunition. Later in the interview, CHERIMOND stated, in substance and in part, that he could not recall whether he had shot at the white car.

3

5. Based on my discussions with a task force officer from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, I have learned that the Ammunition was manufactured in Nebraska.

6. I have reviewed a criminal history report for AUGUST CHERIMOND, the defendant, from which I have learned that, on or about June 4, 2013, CHERIMOND pleaded guilty in Rockland County to assault in the second degree in violation of New York Penal Law Section 120.05(2). Based on my training and experience, I am aware this crime is a felony in New York State and punishable by a term of imprisonment exceeding one year.[1]

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of AUGUST CHERIMOND, the defendant, and that he be imprisoned or bailed, as the case may be.

/s/ Arthur Sacco, Badge No. 26696
_____
Arthur Sacco
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this   29th day of April, 2020.

_____
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[1] Based on my training, experience, and reports of conversations with members of the Rockland County District Attorney's Office, I know that it is standard practice that a defendant is advised of the maximum penalties that may be imposed prior to pleading guilty.